WOODHAVEN HOUSING CORPORATION, Respondent, v. JOHN KAISER, Appellant. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

DAVID ZIRINSKY, Appellant, v. HUGO J. PANZER and Another, Respondents.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

JOHN ANNUNZIATA, Appellant, v. WALLACE H. HALSEY, C. E., INCORPORATED, Respondent.— Order changing place of trial from Queens county to Suffolk county reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, upon the ground that the defendant has not made out a case justifying the change of venue for the convenience of witnesses. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

MARTIN E. BLOOM, Respondent, v. CHASAM REALTY Co., INC., Defendant, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.— Order and judgment as against Fidelity and Deposit Company of Maryland affirmed, with ten dollars costs and disbursements. No opinion. Young, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: Because the word " levied " is used in the paragraph of the lease relating to the payment of taxes, it is concluded that tenant was bound to pay the taxes levied in March, 1930. These taxes were for the year January 1, 1930, to December 31, 1930. In my opinion other language in the lease indicates that it was intended that the tenant was to pay one-quarter share of the 1925 taxes, levied in March, 1925, i. e., from October 1, 1925, to December 31, 1925, and three-quarters of the 1926 taxes, i. e., from January 1, 1926, to September 30, 1926, although the levy for 1926 was made in March of that year. Thus it was to continue from year to year. In this way, in accordance with the terms of the lease, the landlord was assured of a net income equal to the annual rental for the lease year, October first to September thirtieth. The 1929 taxes were paid. Therefore, under the lease the tenant was liable for three-quarters of the 1930 taxes. This is the limit of appellant's liability. To this extent, plaintiff is entitled to judgment.